Oumar SAIKOU, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–5603.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Bryan Scott Hicks, New York, NY, for Petitioner.

James M. Cutchin, Assistant United States Attorney for the Southern District of Illinois (Ronald J. Tenpas, United States Attorney), Benton, Ill., for Respondent, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,[2] Judge.

## SUMMARY ORDER

Petitioner Oumar Saikou petitions for review of a decision of the BIA affirming the decision of an immigration judge ("IJ") denying Saikou's motion to reopen his re-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

2. The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

moval proceedings pursuant to the Convention Against Torture ("CAT") and its implementing regulations. 8 C.F.R. §§ 208.16(c), 208.18. The BIA found that Saikou had failed to make a *prima facie* showing that he faced persecution if he returned to Mauritania. In the alternative, the BIA concluded that Saikou's failure to depart voluntarily from the United States when ordered to do so justified a denial of his motion to reopen pursuant to the exercise of its discretion. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues raised by this petition.

A motion to reopen proceedings under the CAT will not be granted unless "[t]he evidence sought to be offered establishes a *prima facie* case that the applicant's removal must be withheld or deferred." 8 C.F.R. § 208.18(b)(2).

■ Saikou gave two reasons why he would be tortured if he returned to Mauritania. First, he stated that "my presence in the United States alone puts me at great risk" because the Mauritania government "believes that the U.S. is against Mauritania." Second, he said that his brief visit to Mauritania in 1990 would put him "immediately under suspicion of helping refugees" and that "this suspicion would mean certain imprisonment, and, again, torture." But the only evidence Saikou offered in support of these assertions was his own vague statements about the danger he faced and his statement that his mother told him that she feared for his safety should he return to Mauritania. The BIA pointed out that Saikou "did not offer any background evidence of current conditions in Mauritania. He failed to offer affidavits, letters, or any evidence to support his motion. We find his statements in his application are vague and speculative." Thus, given the IJ's previous assessment of Saikou's credibility, noted by the BIA, it was not an abuse of its discretion for the BIA to accord little weight to Saikou's own additional testimony and to conclude, therefore, that Saikou's motion to reopen should be denied.

■ Nor did the BIA abuse its discretion by denying Saikou's motion on the ground that he failed to voluntarily depart the country when ordered to do so by the IJ in 1996. *INS v. Rios–Pineda,* 471 U.S. 444, 451, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985) ("[W]e are sure that the Attorney General did not abuse his discretion in denying reopening based on respondents' flagrant violation of the federal law in entering the United States, as well as respondent husband's willful failure to depart voluntarily after his request to do so was honored by the INS.").

For the foregoing reasons, the petition for review is hereby DENIED.